## Commonwealth v. Cole

*L. E. Meyer*, district attorney, for plaintiff.

*Christian R. Gringrich*, for defendant.

EHRGOOD, P. J., December 12, 1947.—Defendant, William A. Cole, was charged with violating the provisions of section 1002(*a*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended. The information was brought before the Burgess of the Borough of Myerstown, Lebanon County, Pa., by the duly appointed police officer of said borough. The information, inter alia, avers that defendant violated said section of said Vehicle Code while driving on Main Avenue, between Locust and Railroad Streets, in said borough, at a speed too fast for conditions, which speed was 50 miles per hour, through a 25 mile per hour zone, and through a 35 mile per hour zone, these zones being plainly marked every one-eighth mile, according to law, and that defendant was followed by said police officer in a police car whose speedometer had been tested for accuracy within 30 days. Defendant waived a hearing, furnished bail for hearing by this court. A hearing de novo was held. The pertinent testimony

produced by the Commonwealth's only witness, namely, the prosecutor, discloses the following facts:

While the officer was patrolling Main Street of Myerstown Borough, defendant passed him, while operating his automobile, and the officer proceeded to follow him from Locust Street to the other side of Railroad Street, a distance of three blocks. The officer's speedometer showed a speed of 50 miles per hour while he was following defendant, about 40 or 50 feet to the rear of defendant. Twenty-five mile per hour speed limit signs were erected by the borough along Main Street between Locust and Railroad Streets. This portion of Main Street is a built-up section.

Section 1002(d), of The Vehicle Code provides, inter alia:

"When the rate of speed of any vehicle is timed on any highway within a business or residence district, where official speed limit signs are erected, as provided in this section, for the purpose of ascertaining whether or not the operator of such vehicle is violating a speed provision of this act, such time shall be taken by not less than two (2) peace officers, one of whom shall have been stationed at each end of a measured stretch, and no conviction shall be had upon the unsupported evidence of one (1) peace officer," etc.

It is apparent, under the evidence produced, that the Commonwealth has not produced evidence from which this defendant can be convicted of the violation with which he was charged. Section 1002 is penal in its nature and is subject to a rule of strict construction.

Section 1210 of The Motor Vehicle Code provides:

"Whenever any peace officer, whose duty it is to enforce the provisions of this act, shall, in good faith, bring suit for any violation of such provisions, and, for any reason, shall fail to recover the costs of record, such costs shall be a charge upon the proper county, as shall such costs in the event defendant is imprisoned

for failure to pay fine or cost or both, and shall be audited and paid as are costs of like character in said county."

The evidence discloses that Officer Spitler brought this prosecution in good faith in the course of the performance of his duties.

And now, to wit, December 12, 1947, defendant's demurrer to the evidence is sustained; the prosecution is dismissed, and the costs are directed to be paid by the County of Lebanon.